## Schoenfeld *v.* City of Bradford.

*Payment—Voluntary payment—Duress—Recovery back.*

A voluntary payment of money under a claim of right cannot in general be recovered back, but when a party is compelled by duress of his person or goods to pay money for which he is not liable, it is not voluntary, but compulsory, and he may rescue himself from such duress by payment of the money, and afterwards on proof of the facts recover it back.

To entitle a recovery back in such a case there must be compulsion, actual, present and potential, in inducing the payment by force of process available for instant seizure of person or property, when the party so paying it must give notice of the illegality of the demand, and of his involuntary payment. The element of coercion being essential, a mere protest or notice will not change the character of the payment, or confer of itself a right of recovery. The threat of legal process is not such duress.

*Payment—Voluntary payment—License fee—Municipalities.*

In an action to recover back money alleged to have been paid to a city under duress, it appeared that the plaintiff claimed the right to conduct his business in the city as a permanent business. The city authorities, doubting his good faith, demanded that he should pay a license fee fixed by ordinance for transient retail merchants. Plaintiff acting under advice of counsel and without any compulsion of legal proceedings, voluntarily paid to the city solicitor the license fee demanded under an agreement by which the money was to be returned to him at the end of three months if the city authorities should then be satisfied as to the permanency of the business. The agreement further provided that the question as to the permanency or otherwise of the business might be referred to the judge of the court of common pleas. If the plaintiff ceased to do business in the city within three months, the amount paid to the city solicitor was to be forfeited to the city. Plaintiff ceased to do business at the end of one

month. The act of assembly authorizing the ordinance imposing the license tax in question imposed a fine of not less than $100, or imprisonment of thirty days for violation of the ordinance. *Held*, that the payment by plaintiff was not under duress of either person or property, and that he was not entitled to recover back the amount which he had paid to the city solicitor.

Argued Oct. 25, 1900. Appeal, No. 106, Oct. T., 1900, by plaintiff, from judgment of C. P. McKean Co., June T., 1899, No. 294, on case stated in suit of A. Schoenfeld v. City of Bradford. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Case stated in an action to recover back money alleged to have been paid under duress.

The material portions of the case stated were as follows:

1. The plaintiff is a resident of Allegheny county, Pennsylvania, and the defendant is a municipal corporation of the third class existing under the laws of the state of Pennsylvania.

2. That on or about January 11, 1899, the plaintiff, not having been previously engaged in the clothing business in the city of Bradford, applied to the city solicitor of the city of Bradford for a yearly license, representing that he had been to the mayor at his store and had been told to come to the city solicitor and get a yearly license, as the city clerk who had charge of the license application blanks was ill at home. The plaintiff then paid the city solicitor the sum of $25.00 for a yearly license and took his receipt therefor, which is hereto attached and marked exhibit " A ; " that shortly after the city solicitor learned from the mayor that he had not authorized a yearly license to plaintiff, but on the contrary had demanded a transient retail merchant's license under ordinances No. 491 and No. 638 hereinafter referred to.

And thereupon, said city solicitor tendered back to said plaintiff said $25.00, which tender was refused by plaintiff; that subsequently at the time of the signing said agreement marked exhibit " D " which is hereinafter referred to, it verbally was agreed that plaintiff should come to the city solicitor's office, bring back and deliver up his receipt for $25.00 and receive back his $25.00, which plaintiff has failed to do. And that said $25.00 is now in the hands of said F. P. Schoonmaker, who is

ready and willing to carry out his part of said agreement as to the return of the said $25.00 to plaintiff.

3. That on or about January 20, 1899, the said city having refused to issue a yearly license, though its solicitor demanded that plaintiff take out a transient retail merchant's license under the provisions of ordinance No. 491 of the city of Bradford, approved February 21, 1895, (a copy of which is hereto attached marked exhibit " B," and made a part hereof) as amended by ordinance No. 638 approved April 5, 1897, (a copy of which is hereto attached and made a part hereof, and marked exhibit " C "); which said ordinance and the amendment thereto was founded upon the act of assembly approved May 4, 1889, P. L. 86, as amended by act of assembly approved May 10, 1839, P. L. 35.

4. That prior to January 20, 1899, the plaintiff rented a store-room in the said city for the purposes of his business, and entered into a lease for the same, for the period of one month, with the privilege of one year, and commenced doing business as aforesaid, having first advertised the same in a conspicuous manner.

5. The plaintiff claimed that he intended to do a permanent business, and that, therefore, he was not liable to a transient retail merchant's license ; and further, that even if he was a transient merchant, the ordinance above referred to, and the act of assembly under which they were passed, were unconstitutional and void.

6. That the plaintiff, on January 20, 1899, consulted with D. H. Jack, Esq., a reputable member of the bar of McKean county practicing in the Supreme and Superior Courts of the state of Pennsylvania, regarding the claim of the defendant, and then and there retained him to represent plaintiff for the purpose of opposing defendant's claim.

7. That acting under the advice of his said attorney, the plaintiff entered into an agreement with the defendant, through its city solicitor, a copy of which is hereto attached, and marked exhibit " D ", and made a part hereof, in which he agreed to pay to the defendant's city solicitor the amount of the transient retail merchant's license, $500, for the first month, and $100 for each of the two succeeding months, as a guarantee of the permanency of the business, if it should be found that the said or-

dinances and act of assembly were legal, valid and constitutional, the same to be returned to the plaintiff at the end of that time in case the city authorities were satisfied of the permanency of the business; or in case the city authorities were still unsatisfied of the permanency of the said business, plaintiff should continue to pay the sum of $100 per month as required by the ordinance, or at his request a case stated should be made and submitted to T. A. Morrison, judge of the court of common pleas of McKean county, wherein should be submitted the legality, validity and constitutionality of the said ordinances and act of assembly, also the fact as to the permanency or otherwise of the business, reserving the right of appeal; also that said plaintiff should take out a yearly license at the rate of $25.00, the same to be returned to him in case of forfeiture of said $700, or the judgment of said court being in favor of the city of Bradford, and the legality and constitutionality of said acts of assembly and ordinances sustained, the aforesaid sum of $500, for the purpose stated.

8. That the plaintiff continued running said business until February 18, 1899, when he discontinued the same and removed from said city.

9. That prior thereto he demanded of the city solicitor the return of the $500 which he had paid under the terms of said agreement, which was then in the hands and possession of said city solicitor, and that said demand was refused.

10. That thereupon the city solicitor of defendant paid said sum of $500 to the city treasurer of the defendant, and that it is now in the hands and control of the defendant, and that said defendant has refused, and still does refuse to return the same to plaintiff, claiming the same to be forfeited.

11. That the said city solicitor had no authority from the councils of the city of Bradford to enter into said agreement, but was authorized to execute the same by the mayor of the city of Bradford.

The court in an opinion by MORRISON, J., entered judgment for defendant on case stated.

*Error assigned* was in entering judgment for defendant on case stated.

*Eugene Mullin*, of *Mullin & Mullin*, for appellant.—Money

received by a municipality which it had no right to receive cannot be retained, and must be restored to the lawful owner, although he had himself paid it: Murtland v. City of Pittsburg, 189 Pa. 371; Clapp v. Pinegrove Twp., 138 Pa. 35.

*F. P. Schoonmaker*, for appellee.—Money paid under the circumstances detailed in the case stated cannot be recovered back: Pittsburg, etc., Turnpike Co. v. Com., 2 Watts, 433; Schwartz v. McCloskey, 156 Pa. 258; Irvine v. Hanlin, 10 S. & R. 219; Peters v. Florence, 38 Pa. 194; Real Estate Saving Institution v. Linder, 74 Pa. 371; Strohecker v. Farmers' Bank, 6 Pa. 41; Beegle v. Wentz, 55 Pa. 369; Allen v. Galloway, 30 Fed. Repr. 466; Chestnut v. Harbaugh, 78 Pa. 473; Stewart v. Parnell, 147 Pa. 523; Peters v. Grim, 149 Pa. 163; Adams v. Grey, 154 Pa. 528.

OPINION BY ORLADY, J., January 22, 1901:

The only question necessary for us to decide in this case is, the right of the plaintiff to recover from the defendant the amount of money paid to the city solicitor under the terms of the written agreement between them, which is made a part of the case stated. On this subject the law is well settled. A voluntary payment of money under a claim of right cannot in general be recovered back, but it has been held that when a party is compelled by duress of his person or goods to pay money for which he is not liable, it is not voluntary, but compulsory; and he may rescue himself from such duress by payment of the money, and afterwards on proof of the fact recover it back: Christ Church Hospital v. Philadelphia County, 24 Pa. 229; Harvey v. Girard National Bank, 119 Pa. 212; Peebles v. Pittsburg, 101 Pa. 304; Neely's Appeal, 124 Pa. 406; Gould v. McFall, 118 Pa. 455; De La Cuesta v. Insurance Co. of North America, 136 Pa. 62, 658; Payne v. Coudersport Borough School District, 168 Pa. 386.

To entitle a recovery back in such a case there must be compulsion, actual, present and potential, in inducing the payment by force of process available for instant seizure of person or property, when the party so paying it must give notice of the illegality of the demand, and of his involuntary payment. The element of coercion being essential, a mere protest or notice will

not change the character of the payment, or confer of itself a right of recovery: Harvey v. Girard National Bank, supra. The threat of legal process is not such duress, and it has been held that payment of taxes imposed under an act of assembly which was afterwards held to be unconstitutional, was not compulsory because made under a threat, express or implied: Taylor v. Board of Health, 31 Pa. 73.

The facts as detailed in the case stated do not constitute duress either of person or property. The plaintiff claimed the right to conduct a business in the city of Bradford as a permanent one. The city authorities doubted his good faith in the prospective enterprise, and contended that his purpose was to be a transient retail merchant, for which reason the city demanded that he should pay to it the license fee fixed by its ordinance for such a business. This was the sole controversy, and its solution depended upon the character of business the plaintiff intended to conduct. In order to carry on his business, and after he had consulted with counsel as to his liability and duty, he paid to the city solicitor the amount of license fee demanded. No legal proceeding had been instituted against him. By the act of assembly authorizing the city to enact the ordinance, the only penalty which could have been imposed upon him was a fine of not less than $100, to be collected as all other fines are by law collectible, and in default of payment of said fine and costs to be imprisoned in the jail of said county or city for a period of thirty days ; which result could be reached only after due course of law had been had in the matter. The agreement further provided for a reference of the dispute, at the request of the defendant, to .the judge of the court of common pleas, among other matters submitting " the fact as to the permanency or otherwise of said business ; " and further that if the plaintiff ceased to do business in said city within three months, the amount paid to the city solicitor should be forfeited to the city. It is this money, which he paid voluntarily, he now seeks to recover.

The fact that the money was paid to the city solicitor and not directly to the city treasurer is not material, as the plain meaning of the agreement was that it should pass to the latter official upon the contingency provided for, and which contingency the plaintiff caused to happen by discontinuing his busi-

165, (1901).]          Opinion of the Court.

ness within the time mentioned. The court below found as a fact that within less than a month he ceased to do business, left the city, and forfeited his money by the very terms of his contract. The case stated fully warranted this conclusion of fact and. precludes the plaintiff from recovering back the money.

The judgment is affirmed.