# Siglar *v.* Ivancho, Appellant.

*Beneficial associations—Death benefits—Beneficiary—Conflict between sister and niece—Evidence—Burden of proof—Case for jury.*

On a feigned issue between a niece and sister of a decedent, to determine the ownership of death benefits accruing from the defendant's membership in a beneficial association where there is a conflict as to which one was the beneficiary not only as between the two books of the association offered in evidence, but also as between witnesses as to the declarations of the decedent upon the subject, and it appears that the niece was originally named beneficiary, the burden is upon the sister to show a change of beneficiary in her favor. On the conflicting testimony the case is for the jury. In such a case the court may admit in evidence an affidavit sworn to by the sister in answer to the claim of the niece against the society, in which the sister admitted that the original beneficiary was the niece. There is also no error in admitting in evidence the local lodge book showing the name of the niece as beneficiary.

*Appeals—Assignments of error—Evidence—Answers to points.*

An assignment of error to the refusal to admit a paper in evidence will not be considered, where the paper in question is not printed in the paper-book.

An assignment of error to the refusal of a point will not be considered where the answer of the court is not printed in full.

Argued April 13, 1915.   Appeal, No. 76, April T., 1915, by defendant, from judgment of C. P. Allegheny Co., First Term, 1911, No. 4, on verdict for plaintiff in case of Anna Barlok Siglar v. Anna Barlok Ivancho. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ.   Affirmed.

Feigned issue to determine ownership of death benefits.   Before HAYMAKER, J.

From the record it appeared Andrew Barlok died on February 4, 1909, at a time when he was a member in good standing of the Pennsylvania Slovak Roman and Greek Catholic Union, a beneficial association incorporated under the laws of Pennsylvania.   When the deceased became a member of the association he named his niece as beneficiary and her name appeared in the local lodge book.   The grand lodge book named the sister as the beneficiary, but this book was a copy of a former book and the evidence tended to show that the name of the beneficiary in the former book was not legible.   The testimony of witnesses was conflicting as to declarations of decedent in reference to whom he had named as beneficiary.

When Mike Belsjchak, secretary of the association, was on the stand he was asked this question:

Q. I show you what purports to be a lodge book (I don't see any name on it), Exhibit "A."   Will you state what that book is?   A. This is a dues book, and what you call the beneficiary.

Q. Is that book where they kept the names of the members of the local lodge?   A. Yes, sir.

Mr. McClure:

Objected to as irrelevant because this local lodge is not the one that keeps the record of the beneficiaries. That is done by the society that does the paying.   This

431, (1915).] Statement of Facts—Opinion of the Court.

is not the defendant society originally. This is a branch organization.

A. We kept in this book. It is just the same exactly, for I joined the lodge and they put my name in there and the dues that I pay, and if I die they should find out in here the beneficiary. This is a record of the members.

Mr. McClure:

Objected to on the ground that this is not evidence as to whom the beneficiary is. Objection overruled; exception noted. (11)

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were various rulings on evidence and instructions.

*S. R. McClure,* for appellant.

*John W. Dunkle,* for appellee.

OPINION BY TREXLER, J., July 21, 1915:

There are two claimants to the same fund. The niece of the decedent and the sister. The fund arises by reason of the membership of the deceased in a beneficial society. When Arthur Barlok joined the order, he named his niece as his beneficiary in case of death. The original certificate or "motion document" so states, and her name appears as such in the books of the local lodge. The grand lodge books were apparently compiled from sheets sent to the grand lodge officers by the local lodges. The latest or "new" book of the grand lodge gives the sister as the beneficiary, but this book was a copy of the former book and in that the name of the beneficiary was not legible. The best that defendant could get from the witness on cross-examination, in this regard, was, it looks like "sister," although he had in his examination in chief said he could "not make

it out." It does not appear definitely that the by-laws prescribed any particular method of changing the beneficiary, but there was ·testimony that it had to be by some writing from the local lodge to the grand lodge. All the records, excepting ·those above referred to, were missing. Some of the witnesses testified that decedent had made declaration that the niece was his beneficiary; others, the sister. The intention of decedent to change the beneficiary was left in doubt by this testimony and if he had such intention, whether it was ever put into execution and consummated in accordance with the by-laws was not clear from the evidence submitted.

The court instructed the jury that if they found that the insured had originally designated the niece as his beneficiary, the defendant had the burden to show a change in this respect in her favor. We see no error in this. When plaintiff showed by the act of the insured that she was the object of his bounty, as appears in the original certificate, she established a prima facies. Certainly it was incumbent upon · the defendant to overcome this by showing that a change in her favor had actually been made. A· number of our cases decide where a certain form or manner of changing the beneficiary is prescribed by a society, it must be followed: Vollman's App., 92 Pa. 50; Masonic Mutual Asso. v. Jones, 154 Pa. 107; Hunter v. Fireman's Relief and Benevolent Assn., 20·Pa. Superior Ct. 605. There was no positive proof in the case of any actual change having been made. ·There was not only a conflict as between the books, but also between the witnesses and the decision of the matter was for the jury.

At the trial the court allowed the reading of an affidavit sworn to by the defendant in answer to the claim of the plaintiff against the society. In the answer, she admits that the original beneficiary was the niece of the insured. Although the affidavit formed no part of the pleadings in the case before us and did not come under the rule of the court, which binds the defendant to ad-

missions made in the affidavit of defense and to the existence of the facts in the statement which he fails to deny, we think the paper was competent. As was stated in Easton Power Co. v. Ry. Supply Co., 22 Pa. Superior Ct. 538 (although all the pleadings as originally filed had been stricken from the record) "There was nothing erroneous in admitting them in evidence as declarations of the parties, and they had the same weight as, and no greater value than any other declaration of the defendant as to what it admitted and what it denied in the plaintiff's statement." Moreover, the admission of the testimony did the defendant no harm. It was merely cumulative evidence of a fact which was not denied by the defendant and which was clearly established by the testimony.

Another assignment is as to the refusal to admit a certain paper in evidence. As the paper is not printed in the paper-book, we cannot properly pass upon this. Another assignment is directed to a refusal of a point submitted. The answer of the court is not printed in full. Instead of the point being absolutely affirmed it was affirmed with a qualification.

We see no error in the admission of the local lodge book. It contained the name of the niece as beneficiary, and this continuing unchanged on the book was some evidence that no change had been made. There was some reason for the argument that if he had changed his beneficiary, it would have been indicated upon the books of the local lodge. We have not considered the assignments of error seriatim, but we have covered every point raised.

All the assignments of error are overruled, and judgment of the lower court is affirmed. Appellant for costs.