## Oakley v. The Industrial Health, Accident and Life Insurance Co.

*Charles S. Schermer*, for plaintiff.

*Croskey & Edwards*, for defendant.

WINNET, J., May 29, 1945.—Who has the burden of proof? The decision of the case turns on the answer to this question.

The suit by plaintiff is on a life insurance policy. The only fact in issue is whether plaintiff is the beneficiary of the policy. At the trial of the case the question was raised by paragraphs 5 and 6 of the statement of claim and the corresponding paragraphs in the affidavit of defense.* In substance plaintiff stated that the insured,

---

* *Statement of Claim:* "5. On November 6, 1944, at the special instance and request of the insured, Hattie Taylor, the defendant, by its agent, J. F. Steele, did prepare for, and have executed by, insured, its form for 'Change of Name in Beneficiary', changing the beneficiary appearing in the policy aforesaid to 'Mary L. Oakley (friend)', the plaintiff herein. A copy of said 'Change of Name in Beneficiary' is annexed hereto, made a part hereof, and marked Exhibit 'B'.

"6. Said 'Change of Name in Beneficiary' together with the said policy of insurance was entrusted, and delivered to, the said J. F. Steele, agent of the defendant, for the express and sole purpose of having such change of beneficiary endorsed upon the said policy."

*Affidavit of Defense:* "5. Defendant did not, by its agent, J. F. Steele, or by any other person, at the request of Hattie Taylor, or any person acting for or on her behalf, prepare for and have executed by Hattie Taylor the paper of which Exhibit 'B' is a copy. Said paper was prepared and the alleged mark of Hattie Taylor was placed thereon by the said J. F. Steele without any authority whatsoever from defendant or from the insured, Hattie Taylor. In fact, said paper, Exhibit 'B', was prepared after the death of the said Hattie Taylor by the said J. F. Steele and delivered by him to defendant's home office, subsequent to November 9, 1944. No change of beneficiary was ever effected on said policy. The beneficiary named therein, to wit: Caroline Robertson, has been paid the full amount due thereunder. Defendant is not indebted to Mary L. Oakley in any sum whatsoever.

"6. The paper, Exhibit 'B', was not entrusted and delivered to the said J. F. Steele, defendant's agent, for the express sole purpose of having said change of beneficiary endorsed upon the policy. Said

through John F. Steele, an agent of defendant, executed a change of beneficiary form naming her as the beneficiary under the policy. The affidavit of defense denied that plaintiff was the beneficiary and stated that J. F. Steele placed the mark of the insured on the form upon his own initiative and without any authority either from the insured or from defendant. Defendant further sets forth that the full amount due under the policy has been paid to the beneficiary entitled thereto.

Plaintiff offered in evidence the form of change of beneficiary in the possession of defendant. Defendant objected, insisting that it was the burden of plaintiff to prove she was the beneficiary under the policy in view of the denial of defendant that it was executed by the insured. After extended argument as to the admissibility of the form as prima facie evidence of plaintiff's right under the policy, the trial judge reserved his ruling on the objection. Counsel for plaintiff frankly admitted that he was not in position to prove by any other evidence that the insured had designated plaintiff as beneficiary. Defendant rested its position on a point for a binding finding, admitting that if this evidence is admissible plaintiff would have established a prima facie case.

I am of the opinion that the form of the change of beneficiary was not admissible under the issue presented by the pleadings and that the burden of proof rested on plaintiff to show by competent evidence that she was the beneficiary entitled to the proceeds of the policy. Defendant had denied that its agent had any authority whatsoever to execute the form. There was, therefore, a denial of a material fact upon which plaintiff's case rested. It was her duty to come forward with proof. The burden of proof ultimately rests on the party having the risk of non-persuasion: 9 Wigmore on

paper was prepared and executed by the said J. F. Steele upon his own initiative with no authority so to do from defendant or the said Hattie Taylor."

Evidence §2487. Plaintiff had the risk of persuading by competent evidence that she was entitled to the proceeds of the policy.

In Herrod v. Kimbrough, 83 Pa. Superior Ct. 238, the court held that the burden of proof was on the beneficiary to establish her right to the insurance money where her right had been put in issue. To the same effect is Siglar v. Ivnacho, 60 Pa. Superior Ct. 431.

Defendant has not pleaded an affirmative defense. If the defense had been fraud or undue influence, then it would clearly have been the burden of defendant to proceed with evidence and proof: O'Neill et al. v. Metropolitan Life Ins. Co., 345 Pa. 232, 241; Glou v. Security Benefit Assn., 114 Pa. Superior Ct. 139, 143. This defense was negative in character and cast the burden on plaintiff to prove the affirmative. If defendant had denied the execution of the policy it would have been the duty of plaintiff to prove it by competent testimony. It is no different when defendant has denied that plaintiff is the beneficiary. It became the duty of defendant to prove this by competent testimony.

Counsel for plaintiff argues that the subject matter of the negative averment of the affidavit of defense was peculiarly within the knowledge of defendant and thus it had the burden of going forward with proof and cites as authorities Carl v. Grand Union Co., 105 Pa. Superior Ct. 371, Besecker v. General Acceptance Corp., 143 Pa. Superior Ct. 367. I cannot agree that these authorities are applicable. In both cases the defense rested on figures in *an account* which were peculiarly within the knowledge of the companies. But in both cases plaintiffs' claims are admitted except for the affirmative defense or set-off by reason of the shortages in the accounts.

Meth v. Broad Street and Bonded B. & L. Assn., 346 Pa. 331, indicates that, even where figures are in the possession of defendant, the burden of proof does not necessarily shift to it. Plaintiff was suing for the withdrawal of her stock in the defendant building and loan

association. She was required under law to show that the treasury of the defendant had sufficient cash applicable to the payment of her demand. The contention of plaintiff, as in the present case, was that this information was peculiarly within the knowledge of defendant and the burden of going forward with such proof was upon it. The court, in denying this argument, said (p. 334):

"A litigant cannot bring himself within the rule . . . and . . . escape from proving an allegation essential to his case by the simple expedient of stating its negative counterpart. . . . Nor were the means of proving her case peculiarly within defendant's knowledge. Its books were made available to plaintiff."

In any event, the argument of peculiar knowledge cannot be made in the present case. Plaintiff has by subpœna as much access to J. F. Steele, the important witness, as does defendant. An allegation of agency, and a denial by the principal, does not cast on him the burden of proof. Typical cases are those involved in negligence suits where there is a denial of agency. We do not require the employer to assume the burden of this defense.

In Fazio v. Pittsburgh Rwys. Co., 321 Pa. 7, the court said (p. 12):

"It is a well-recognized principle of evidence that he who has the positive of any proposition is the party called upon to offer proof of it. It is seldom, if ever, the duty of a litigant to prove a negative until his opponent has come forward to prove the opposing positive."

Huston v. Ticknor & Co., 99 Pa. 231, is in point. The question involved was whether a certain writing was executed by the judgment creditor. We had there, as we have in the present case, one party asserting the genuineness of a written instrument and the other party denying it. The lower court made the mistake of admitting it into evidence, thus putting the burden on the party denying its genuineness. Mr. Justice Paxson said (p. 237):

"We are entirely unable to see how a paper that is in dispute requires no proof. . . .

"The general rule of law is, that the burden of proof lies upon the party, who substantially asserts the affirmative of the issue."

Defendant's objection to the offer of plaintiff in evidence of the change of beneficiary form must be sustained. Plaintiff thus has been unable to establish a prima facie case that she is the beneficiary under the policy. Accordingly, defendant's point for a binding finding is affirmed. An exception is allowed to plaintiff to the ruling refusing admission of the evidence and the affirmance of defendant's point. The court finds for defendant.