# Davis, Appellant, *v.* Malone.

*Equity jurisdiction—Injunction in restraint of action at law—*
*Scire facias sur mortgage—Defense—Adequate remedy at law.*

A bill in equity to restrain a defendant from prosecuting a writ
of scire facias sur mortgage is properly dismissed on demurrer
where it appears that the real issue between the parties is whether
anything is due upon the mortgage, where all of the facts relied
upon as ground for relief may be shown by proper evidence on the
part of the defendant in the pending suit at law, and where there
is no allegation of fraud, accident or mistake.

Argued May 18, 1915.    Appeal, No. 58, Jan. T., 1915,
by plaintiff, from decree of C. P. Lancaster Co., Equity
Docket, No. 6, page 20, refusing an injunction in case of
B. F. Davis v. John E. Malone, William Anderson,
Emanuel Kern, James G. Fowkes, Joseph W. Ken-
worthy, Trustee in Bankruptcy of James G. Fowkes,
Joseph W. Kenworthy, Adolf Segal, Harrison Snyder,
George Snyder, John M. Groff, The Pennsylvania Water
& Power Company.    Before BROWN, C. J., MESTREZAT,
POTTER, MOSCHZISKER and FRAZER, JJ.    Affirmed.

Bill in equity to restrain defendant from prosecuting
an action of scire facias sur mortgage.    Before HASS-
LER, J.

The facts appear by the opinion of the Supreme Court.
The defendant demurred to the bill; the court sus-
tained the demurrer and dismissed the bill.    Plaintiff
appealed.

*Error assigned* was the decree of the court.

*John A. Coyle* and *C. Eugene Montgomery,* with them
*William H. Keller,* for appellant.

*John E. Malone,* with him *Joseph W. Kenworthy* and *John M. Groff,* for appellees.

OPINION BY MR. JUSTICE POTTER, July 3, 1915:

This bill in equity was filed by plaintiff to restrain the defendant from prosecuting a writ of scire facias upon a mortgage on certain real estate, the title to which had become vested in appellant, subject to the said mortgage. The writ of scire facias was issued September 20, 1913, an affidavit of defense was filed, and it was not until July 14, 1914, that this bill was filed to restrain further proceedings. The court below sustained a demurrer to the bill, and dismissed it, on the ground that the remedy of plaintiff in the action at law, was adequate and complete. It is difficult to see why this is not the case. The real issue to be determined is, whether anything is due upon the mortgage, and if so, how much. This can certainly be ascertained in the suit at law. The jurisdiction of equity to restrain actions at law in any proper case, is unquestionable, but in this instance we can see no reason to invoke its exercise. Every defense alleged in the bill may be presented in the action upon the scire facias. Plaintiff in that action must show title to the mortgage. Want of consideration when the mortgage was given, or its subsequent assignment as collateral, and the payment of the debt to secure which it was assigned, may be shown by proper evidence on the part of the defendant in the pending suit at law. There is no allegation in the bill, of fraud, accident or mistake. In so far as anything is disclosed by the record, the court below was entirely right in holding that the case is not one for equitable interference.

The assignments of error are overruled, the decree of the court below, dismissing the bill, is affirmed, and this appeal is dismissed at the cost of appellant.