## Shotkin et ux., Appellants, *v.* Presbyterian Church Board of Pensions.

Argued November 26, 1941. Before SCHAFFER, C. J.;
MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Bernard M. Shotkin,* P.P., appellant.

*Frank O. Schilpp,* with him *J. Channing Ellery* and
*Robert Mair,* of *Rambo & Mair,* for appellee.

PER CURIAM, January 5, 1942:
Defendant was the holder of a mortgage on premises
354 West Johnson Street, Philadelphia, dated April 4,
1932, and payable at the expiration of three years there-
after. On April 11, 1940, defendant began foreclosure
proceedings against the mortgagor and plaintiffs as real
owners. On April 30, 1941, defendant obtained judg-
ment for want of a sufficient affidavit of defense, and on

August 7, 1941, a levari facias was issued for the sale of the property. On August 12, 1941, plaintiffs filed the present bill in equity for an accounting and to restrain defendant from proceeding in the foreclosure action. Preliminary objections to the bill on the ground of res adjudicata were sustained by the court and the bill was dismissed. Plaintiffs appeal.

As the foreclosure proceedings were referred to by term and number in the bill and were thus made a part of the present record, the defense of res adjudicata could be raised by preliminary objections: *Kowatch v. Home Building & Loan Association,* 131 Pa. Superior Ct. 517, 200 A. 111. A comparison of the affidavit of defense and the bill in equity discloses an identity of issues in the two proceedings, plaintiffs alleging in each a parol agreement by which defendant undertook to defer foreclosure on certain conditions. The affidavit of defense averring such agreement having been held insufficient and judgment rendered for defendant, and no appeal having been taken, the alleged agreement cannot now be made the basis of relief in another proceeding. It may be added that even if the foreclosure action had not yet proceeded to judgment, a bill in equity to enjoin it would not lie, since all contentions advanced by plaintiffs could have been set up as defenses in that action: *Davis v. Malone,* 250 Pa. 557, 95 A. 702. Nor are there any allegations in the bill to warrant a decree for an accounting.

After the bill was filed, plaintiffs took a rule to show cause why the proceeding they themselves had initiated should not be removed to the United States District Court. That rule was properly discharged because, under the Act of Congress of March 3, 1887, c. 373, §1, 24 Stat. 552, 28 U. S. C. A. §71, only a defendant has the right to seek removal from a state to a federal court: *Shamrock Oil & Gas Corporation v. Sheets,* 313 U. S. 100.

Decree affirmed, costs to be paid by appellants.