Miners Savings Bank of Pittston, Appellant, *v.*
Walsh et ux.

Argued March 4, 1942.

Before Keller, P. J., Baldrige, Stadtfeld, Rhodes, Hirt and Kenworthey, JJ.

*M. J. Mulhall,* for appellant.

*Leo W. White,* with him *Jarrett W. Jennings,* for appellees.

OPINION BY KELLER, P. J., April 15, 1942:

This is an attempt by the Miners Savings Bank of Pittston, assignee of Dime Bank and Trust Company of Pittston, to retry in an action of assumpsit certain issues which were tried and determined against its assignor in an action of ejectment. See *Dime Bank & Trust Co. v. Walsh*, 143 Pa. Superior Ct. 189, 17 A. 2d 728.

In that case we affirmed the judgment of the court below, entered in the Court of Common Pleas of Luzerne County to No. 648 May Term, 1939, holding that the plaintiff, which on May 12, 1931 had lent the defendants $2600, taking as security for said loan a bond and mortgage of the defendants, of that date, for $2600, the mortgage being a first lien on real estate in West Wyoming, Pa., owned by the defendants in fee simple, and said loan being further secured by a bill of sale of a dwelling house, 473 Main Street, Sebastopol, Pa., erected on land leased by the Pittston Company, had satisfied and extinguished *said indebtedness* by its acceptance of $1713.59 in Home Owners Loan Corporation bonds and cash, (delivered pursuant to a new first mortgage executed and delivered by the defendants to the Home Owners Loan Corporation for $2000), and by its formal satisfaction of the mortgage on the record and the delivery up of the mortgage *and bond;* and that said defendants were entitled to a return and cancellation of the bill of sale of the dwelling house [1] and an assignment of the leasehold estate, which had been held by plaintiff as additional collateral security for the payment of the loan, secured by bond and mortgage, without being required to pay the difference between the face of the loan, plus interest, and the amount received from the Home Owners Loan Corporation. We

---

[1] The dwelling house was erected on land held under lease and was removable. It had been sold by Pittston Company to defendants. It was personal property. See *First Nat. Bk. v. Monarch Fire Ins. Co.*, 123 Pa. Superior Ct. 298, 300, 187 A. 69.

also agreed with the further ruling of the court below, that as the plaintiff had never entered into possession of the leasehold estate, it could not bring *ejectment* for its recovery; but we specifically upheld the action of the court below in entering judgment non obstante veredicto for the defendants on the merits, because of the plaintiff having accepted payment of $1713.59 from the Home Owners Loan Corporation, *a third party,* in full payment and satisfaction of its claim against the defendants. The judgment of this court in that case, affirming the judgment of the court below, was entered on January 30, 1941. An appeal was refused by the Supreme Court on March 27, 1941. See 143 Pa. Superior Ct. XXI.

On April 17, 1941 this plaintiff brought the present action in assumpsit on the note for $2600, dated August 12, 1931, given by defendants to said Dime Bank and Trust Company, which recited the deposit of the following collateral security for its payment, to wit: Bond and mortgage for $2600 on property 294 Holden Street, West Wyoming, Pa. and bill of sale and lease on house and lot at 473 Main Street, Sebastopol, Pa. In its statement of claim plaintiff averred that a balance of $721.26, with interest from February 1, 1937, was due on said note, together with certain sums which it averred said Dime Bank and Trust Company had paid to Pittston Company as rental on the lot of ground in Sebastopol long after the payment and acceptance of the $1713.59 above referred to on June 21, 1935, apparently for the purpose of aiding its recovery in its action to 648 May Term, 1939 aforesaid.

Said plaintiff's statement contained, inter alia, the following averments of fact:

"4. On the 1st day of June, 1931, the defendants, by a bill of sale, a copy of which will be found of record attached to 'Defendants' Plea, Abstract and Answer' in No. 648 May Term, 1939 and marked 'Exhibit A',

granted bargained and sold to said Bank and Trust Company, the frame dwelling therein referred to;

"5. By direction of defendant in possession of said dwelling at the time said bill of sale was made, the Pittston Company, owner of the land upon which it was located, entered into a lease in writing with said Bank and Trust Company, a copy of which will be found of record in the aforesaid case attached to the 'Plaintiff's Declaration' therein and marked 'Plaintiff's Exhibit A';"

The defendants filed an affidavit of defense raising a question of law, averring that the statement of claim was not sufficient for the following reason:

"1. The matters and things therein set forth [that is, in the plaintiff's statement] have been adjudicated by this court in the case of *Dime Bank and Trust Company v. Leo J. Walsh and Margaret L. Walsh,* his wife, No. 648 May Term, 1939, referred to by plaintiff in its statement of claim"; and asked judgment in their favor, under section 20 of the Practice Act of May 14, 1915, P. L. 483.

The question of law thus raised was the defense of res adjudicata.

The court below ruled the question in favor of the defendants and entered judgment in their favor, saying, inter alia:

"The record pleaded by defendants, which their counsel claim sustains their plea of res adjudicata in the present case, is in No. 648 Mary Term, 1939, in this court. It was between these same parties, plaintiff and defendants, before the judge who writes this decision; his decision was affirmed by the court in banc and on appeal was affirmed by the Superior Court in *Dime Bank and Trust Company v. Walsh et ux.,* 143 Superior Ct. 189. Said decisions settled the precise question involved in this action, namely, whether or not the debt now sued upon was extinguished. Said decisions held

that the debt secured by the note now sued upon was entirely extinguished.

"Plaintiff's contention that judgment cannot be entered for the defendants under our practice would be correct if plaintiff's own statement did not by reference incorporate the proceedings of the former case, 648 May Term, 1939, as part of the pleadings. If reference to the former case had merely been set up in the demurrer, the plea of res adjudicata could not be set up therein because it would then be a speaking demurrer. (*Naffah v. City Deposit Bank*, 339 Pa. 157; *Steel v. Levy*, 282 Pa. 338). This is the general rule followed in all of the cases. But the exception is where the plaintiff's own statement by reference makes the former case part of the pleadings.

"'It is well settled that the defense of res adjudicata may be raised by demurrer where on the face of the record the plaintiff admits the existence of the judgment or matter depended upon as showing a prior adjudication of the issues involved in the pending controversy: *Lawman v. Peoples Savings & Trust Co.*, 279 Pa. 151; *Steel v. Levy*, 282 Pa. 338; *Penn-O-Tex Oil and Leasehold Co. v. Big Four Oil & Gas Co.*, 298 Pa. 215; *Vondersmith v. Urban*, 108 Pa. Superior Ct. 103; MOSCHZISKER'S Essays, 81.' *Schlichtman, Appellant v. Crawford et al.*, 337 Pa. 497, at page 499.

"In the instant case, in paragraph 4 on page 3 of plaintiff's statement, plaintiff refers to a bill of sale, 'a copy of which', this paragraph states, 'will be found of record attached to "Defendants' Plea, Abstract and Answer" in No. 648 May Term, 1939 and marked "Exhibit A."' Again in paragraph 5 on the same page, plaintiff's statement refers 'to a lease in writing with said Bank and Trust Company, a copy of which will be found of record in the aforesaid case [No. 648 May Term, 1939] attached to the "Plaintiff's Declaration" therein and marked "Plaintiff's Exhibit A."'

"Said averments in plaintiffs statement, referring to

the record in the former case, 648 May Term, 1939, in this court, incorporate by reference that record and it therefore becomes part of the pleadings in the instant case. *Philadelphia v. Reading Co.*, 295 Pa. 183, 189. So incorporated, the record of the prior suit in full is thereby tendered by the plaintiff's pleading for inspection by the court in the instant case and this court may properly examine that record to fix defendants' liability here. *Penn-O-Tex Oil & Leasehold Co. v. Big Four Oil & Gas Co.*, supra. We entertain no doubt that this court, inspecting the former record which plaintiff in its statement invites us to do, is obliged to hold that the present case is res adjudicata, the exact question between precisely the same parties having been decided in that case."

We agree with the statement of facts and legal conclusion of the lower court. To the cases cited by it may be added a later one, *Shotkin v. Presbyterian Board,* 343 Pa. 650, 23 A. 2d 419. In that case a plaintiff filed a bill in equity to restrain defendant from proceeding with the sale of certain real estate, upon a judgment obtained in foreclosure proceedings by scire facias sur mortgage, referring to the foreclosure proceedings by term and number. The Supreme Court said, "As the foreclosure proceedings *were referred to by term and number in the bill and were thus made a part of the present record,* the defense of res adjudicata could be raised by preliminary objections" (Italics supplied).

Judgment affirmed.