Quaker City Chocolate and Confectionery Company *v.* Warnock Building Association et al., Appellants.

Stuart et al., Appellants, *v.* Quaker City Chocolate & Confectionery Company et al.

Argued April 21, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

· *Robert T. McCracken,* with him *Henry Arronson* and *Simon Pearl,* for appellants. · ·

*Earl Jay Gratz,* for appellee.

OPINION BY MR. JUSTICE DREW, May 12, 1943:

The Liquidating Trustees of the Delhi-Warnock Building Association sought, by various proceedings, to obtain relief from a judgment held against it by the Quaker City Chocolate and Confectionery Company, and have appealed from the refusals of the learned court below to grant the desired relief. The two appeals, argued together and dealing with the same factual situation, will be disposed of in this opinion.

On May 25, 1932, Quaker City filed a bill in equity in the court below as a dissenting shareholder of the Warnock Building Association with respect to a proposed merger between Warnock and the Delhi Building Association, praying that Warnock be directed to pay it the par value of its shares together with profits. Judgment was entered in favor of Quaker City on August 8, 1932, for the admitted value of its shares without prejudice to its right to proceed for recovery of the remainder of its claim. The proposed merger had, in the meantime, been completed, the resulting association being known as the Delhi-Warnock Building Association, which assumed the outstanding obligations of the constituent associations. On August 7, 1937, Quaker City revived its judgment by scire facias proceedings, to which no appearance or defense was entered. Subsequently, Delhi-Warnock, by appropriate action of its shareholders and

directors, commenced voluntary liquidation, and on October 5, 1937, the shareholders elected appellants Liquidating Trustees. On July 24, 1940, attachment execution proceedings were instituted by Quaker City, and the Ninth Bank and Trust Company, depository of the funds of the Liquidating Trustees, was summoned as garnishee. Thereafter, on July 29, 1940, the Liquidating Trustees, claiming that in 1936 Quaker City had accepted stock of Delhi-Warnock in satisfaction of its judgment, filed a bill in equity in Court of Common Pleas No. 2 of Philadelphia County praying that they be declared the equitable owners of the judgment, that Quaker City be enjoined from proceeding further in connection therewith, and that the attachment execution issued thereon be set aside. They incorporated by reference therein the docket entries and record of the original proceedings. This bill was transferred later by agreement of counsel to the court below and regarded as part of the instant case. The Liquidating Trustees, in addition, filed, on August 13, 1940, a petition to open the judgment or have the same assigned to their use and, on February 18, 1941, a petition to set aside the lien of the judgment. Quaker City filed preliminary objections to the bill, responsive answers to the petitions, and, after garnishee bank answered the interrogatories, a rule for judgment against it for the amount admitted by it to be due. Depositions were taken on behalf of both parties on the petition to open judgment, but the major portion of the testimony offered in the instant case was adduced at hearings conducted in open court before two of the judges of the court below. After argument before the court en banc, the bill in equity brought by the Liquidating Trustees was dismissed, their various petitions were discharged, and Quaker City's rule for judgment against garnishee bank was made absolute.

From the depositions, testimony heard in open court, and numerous exhibits introduced in evidence, the court

below found that: "In November of 1936 the Delhi-Warnock Building Association held a bond and mortgage on a parcel of real estate . . . Upon which there was a balance due the Association in the sum of $695.42. Florence P. Rosskam, the wife of William B. Rosskam [treasurer of Quaker City], agreed to purchase said bond and mortgage from the Delhi-Warnock Building Association. Her husband, William B. Rosskam, delivered to the Delhi-Warnock Building Association the said certificate for 72 shares of stock [upon which the judgment as dissenting shareholder of Warnock had been obtained by Quaker City], the property of Quaker City Chocolate and Confectionery Company, and 5½ shares thereof were cancelled and a new certificate for 66½ shares of stock of the Delhi-Warnock Building Association was issued to the Quaker City Chocolate and Confectionery Company. There was no agreement entered into between the Quaker City Chocolate and Confectionery Company and the Delhi-Warnock Building Association as of November 3, 1936, or at any other time, to satisfy said judgment against the Warnock Building Association upon the delivery by the Delhi-Warnock Building Association to the Quaker City Chocolate and Confectionery Company of said 66½ shares of full paid stock, or to assign said judgment to the Delhi-Warnock Building Association . . . The Quaker City Chocolate and Confectionery Company has never satisfied, surrendered or released its claim as a creditor of the Warnock Building Association or the Delhi-Warnock Building Association and has never made any agreement so to do. The judgment had by Quaker City Chocolate and Confectionery Company against the Delhi-Warnock Building Association in the sum of $9,103.68 had been reduced by payments aggregating $745.42 [being the sum of $695.42 on account of the purchase of the bond and mortgage from the association by Florence P. Rosskam, together with a $50.00 cash payment made in response to a demand of plaintiff in June, 1937]". In

discussing the facts, the court below stated that the actions of the Liquidating Trustees in filing their bill and petitions were "based essentially on the theory that the transaction of [November and] December 1936 was accompanied by an agreement . . . whereby . . . [Quaker City] surrendered its judgment for the shares of full paid stock. This theory was not sustained by the facts. There was no proof of the alleged agreement and what testimony there was on the point would lead to a contrary finding."

Petitions to open judgments by default are addressed to the trial court's sound discretion and are essentially equitable proceedings ruled by equitable principles: *Horn* v. *Witherspoon,* 327 Pa. 295; relief will be given where such a petition is promptly filed, the default reasonably explained or excused, and a defense shown to exist upon the merits: *Pinsky* v. *Master,* 343 Pa. 451, 452; *Fuel City Mfg. Co.* v. *Waynesburg P. C.,* 268 Pa. 441. None of these prerequisites to the opening of a judgment is present here. Application to open the judgment obtained in the scire facias proceeding was not made until three years after its entry, no reasonable explanation or excuse for defendants' failure to appear and answer was offered, and the findings of fact completely refute any contention that a meritorious defense was shown to exist. A careful review of the record shows clearly that the findings are fully supported by the evidence, and they are, therefore, binding upon us: *DePaolo* v. *DeRomo,* 346 Pa. 654. There is nothing to indicate an abuse of discretion on the part of the court below in refusing the petition to open judgment or the companion petition to set aside the lien of the judgment. The mere fact that the testimony and depositions were discussed with reference to the bill in equity instead of the petitions does not lead to a contrary conclusion, for the court considered all aspects of the case in the one adjudication.

The contention that the bill in equity should not have been dismissed on preliminary objections is also

without merit, for having incorporated the record and the docket entries of the proceeding in the court below into the bill and then having transferred the bill to that court, the Liquidating Trustees are met by the fact that the judgment from which they seek relief is res adjudicata as to any transactions occurring before its entry: *Shotkin* v. *Pres. Church Board,* 343 Pa. 650; *Miners Savings Bank* v. *Walsh,* 148 Pa. Superior Ct. 389. Since the matters pleaded in the bill preceded the entry of judgment in the scire facias proceeding, that judgment was res adjudicata, and the bill was properly dismissed on preliminary objections.

Orders and decrees affirmed.