## Commonwealth v. Nodzak

*M. L. Harter, Jr.*, for Commonwealth.
*Charles M. Menapace*, for defendant.

TROUTMAN, J., July 7, 1947.—Plaintiff, Commonwealth of Pennsylvania, Department of Public Assistance, brought this action in assumpsit to recover certain amounts paid to defendant as assistance and aid to dependent children. On August 12, 1946, the summons and a copy of the statement of claim were served upon defendant. Defendant did not enter an appearance and, on September 3, 1946, plaintiff entered judgment against her in the amount of $1,373.90 for want of an appearance. Subsequently, on November 18, 1946, defendant presented her petition for a rule to show cause why the judgment should not be opened and defendant let into a defense. A rule was granted and an answer was filed by plaintiff. A hearing was held on this rule and it is this rule to show cause why the judgment should not be opened which is now before us.

Petitions to open judgments by default are addressed to the trial court's sound discretion and are essentially equitable proceedings ruled by equitable principles. Relief will be given where such petition is promptly filed, the default reasonably explained or excused and a defense shown to exist upon the merits: Quaker City C. & C. Co. v. Warnock et al., etc., 347 Pa. 186, 190.

In Renick v. Letterle, 89 Pa. Superior Ct. 322, the Superior Court stated the requisites necessary for opening a judgment for want of an appearance as follows (p. 323) :

"The settled practice is that if a defendant in a judgment entered for want of an appearance comes forward in a reasonable time, puts in a sufficient affidavit of defense and makes a proper excuse for his non-appearance, the court will open the judgment and let him into a defense and thus afford him the constitutional right of trial by jury."

Defendant in this case moved to open the judgment 76 days after it was entered. When defendant did

learn that judgment had been entered against her, she referred the matter to counsel and within three weeks thereafter her petition to open judgment was filed. What would constitute a reasonable time to move to open judgment depends, to a great extent, upon the reasons given for the delay.

Defendant urges upon the court as a proper excuse for her nonappearance that she cannot read English at all, that she only understands the English language, when spoken, slightly, and that she is not at all familiar with legal proceedings. The evidence shows that since she could not read English at all, she was not in a position to read the endorsement on the statement of claim nor the information contained in the summons; that she did not understand what the papers were nor were they explained to her and that she placed them in a drawer until her daughters, who were visiting her home during the week-end of October 7, 1947, found them and referred them to counsel. The testimony discloses that defendant was alone when the papers were served upon her, and that they were not read or explained to her by the person who served them. She testified that the only explanation made by the process server was that she would not go to jail.

Plaintiff introduced evidence for the purpose of showing that defendant knew that action was going to be brought against her because of conferences which she had with its representative concerning the signing of a reimbursement bond. These conferences occurred in March 1946 and on April 9, 1946. The witness for plaintiff testified that he had explained to defendant that if she did not sign the bond there was a possibility it would be referred for further legal action. There were evidently a great many requests made of her to sign such a bond. Plaintiff's witness does not say that defendant understood that action would be brought but that, "she seemed to understand it".

From all of the evidence in this case we are of the opinion that defendant did not know that the papers served upon her was the commencement of a legal action.

A case very similar to the case at bar is that of Kilgollon v. Herligky et ux., 27 Dist. R. 450, which arose on a rule to open a judgment entered against defendants for want of an affidavit of defense which it appeared that one of defendants was a laborer; that both fendants for want of an affidavit of defense where it ap- and upon receipt of the copy of the summons, statement of plaintiffs' demand and rule to file an affidavit of defense, they placed them in their sideboard; that the first knowledge they had of the case was when husband defendant read in a newspaper of the entry of the judgment, and that they then promptly placed the matter in the hands of their counsel who obtained the rule to open the judgment. In an opinion directing that the judgment be opened, the court said:

"We are convinced that material questions of fact are involved in this case and that they should be submitted to a jury. While defendants have had their day in court, nevertheless for all practical purposes they have not had a determination of the question of their liability. If the judgment is not opened, they will be obliged to pay a comparatively large sum of money, which may result in sweeping away possibly their entire life's savings. If the judgment is opened, plaintiff will still retain a lien upon defendant's real estate, and the resulting delay will probably be less than the parties have already permitted since the allowance of the present rule. Inasmuch as this is an appeal to the equitable powers of this court . . . defendants should do equity. They have caused plaintiff additional expense by reason of this rule, which they should pay."

While no affidavit of defense has been filed in this case, a careful reading of the petition for the rule, to-

gether with a consideration of the testimony taken, convinces the court that defendant has shown that a defense exists upon the merits. Plaintiff's statement of claim avers that it paid to defendant as assistance and aid to dependent children the sum of $1,373.90, and that said assistance and aid to dependent children was granted and paid to defendant on an application signed by her. Plaintiff's claim is based on section 4 of the Support Law of June 24, 1937, P. L. 2045, 62 PS §1974, providing that the real and personal property of any indigent person shall be liable for the expenses of his support, maintenance, assistance and burial, if such property was owned during the time the expenses were incurred.

The claim is based upon assistance and aid to dependent children and there is no claim for any assistance given to defendant. In plaintiff's answer it is admitted that the payments were made to defendant for and on behalf of her dependent children. In plaintiff's own testimony, it is admitted that defendant did not participate in any of the assistance claimed until May 1939. Defendant denies that she ever received any assistance for herself.

Section 3 of the Support Law of June 24, 1937, P. L. 2045, 62 PS §1973, imposes liability for support of children upon a widowed mother only if she is "of sufficient financial ability" to care for and maintain them. Liability cannot be fixed upon her in the absence of showing that she was financially able to discharge the duty. There is no allegation or averment in the statement of claim that would indicate that defendant was of sufficient financial ability to care for and maintain her children. We cannot say as a matter of law that the ownership of the real estate by defendant in this case required a finding that she was of sufficient financial ability to care for herself and children. The record indicates that the property consisted of a very

modest home. These are proper matters for consideration on trial of the case.

The Public Assistance Law of June 24, 1937, P. L. 2051, as amended, recognizes a distinction between general assistance and assistance given dependent children, and provides for assistance for dependent children who may be living with a relative even though they are being maintained by such relative: Commonwealth, etc., v. Hornacek, 347 Pa. 596.

Under section 3 of the Support Law of June 24, 1937, P. L. 2045, as amended, a widowed mother of dependent children is not liable to make restitution to the State for public assistance given to her for the support of her children unless she was financially able to support the children in addition to herself at the time the expenses for them were incurred: Commonwealth, etc., v. Hornacek, supra, 598, 600.

We are of the opinion that, while no affidavit of defense has been presented, the averments in the petition and the testimony taken thereon, present a defense on the merits of this case which should be tried by a jury. We are of the opinion that defendant has applied for relief within a reasonable time; that she has shown a proper excuse for her nonappearance; and that she has shown a sufficient defense on the merits of this case. Under the circumstances, the rule to open the judgment to let her into a defense must be made absolute.

### *Order*

And now, to wit, July 7, 1947, the rule to show cause why judgment should not be opened and defendant let into a defense is made absolute and leave is hereby granted defendant to file an answer to plaintiff's statement of claim within a period of 20 days from the date of this order.

Let an exception be noted for plaintiff.