## Conklin v. Wetzel

*Arthur C. Dale* and *S. J. McGhee, Jr.,* for plaintiff.
*Morris Klewans,* for defendant.

LIPEZ, P. J., August 18, 1955.—This is a complaint in equity whereby plaintiff asks a review of the entire proceedings of an action to quiet title brought on the law side of this court to no. 68, October term, 1949, between the same parties herein and involving the same tract of land. He alleges various errors in said law action and prays that we set aside, strike off, and declare null and void the court order in that case entered in favor of defendant herein after trial without jury, decree that the title to the land, which plaintiff now alleges was incorrectly described in said law action, be now declared vested in plaintiff herein instead of defendant, give him possession thereof, award damages and grant other relief. After service on defendant, an appearance was entered on his behalf by counsel;[1] and within the 20-day period a motion for judgment on the pleadings was filed on behalf of defendant

---

[1] Entry of appearance is no longer required. See Goodrich-Amram, Commentary, sec. 1007-4.

alleging that the matters complained of are res judicata. Service of this motion was accepted by counsel for plaintiff. Thereafter, and more than 20 days after the service of the complaint, and without notice to defendant, plaintiff filed with the prothonotary a præcipe for judgment upon default, directing that judgment be entered for failure of defendant to file, within the required time, an answer seriatim to the averments of the bill. The prothonotary filed the said præcipe, copied it on his docket, but did not formally enter a default judgment, nor was a request made to this court for a decree. Defendant, after being notified by plaintiff by registered mail that judgment had been entered by default, petitioned this court for a rule to show cause why judgment which he alleged was entered against him should not be stricken off. A rule was allowed, and at time of argument when the court papers and docket entries were produced, it was apparent that no default judgment had been entered.

Since there is in fact no judgment,[2] the only questions before us are: (1) Whether the motion for judgment on the pleadings was proper; (2) if not, whether it might be treated as a preliminary objection in the nature of a demurrer; (3) if so, whether the plea of res judicata should be sustained.

It is clear that the action of defendant in filing a motion for judgment on the pleadings to the complaint is erroneous. Such motion should be filed, under rule 1034(a), only "after the pleadings are closed". Though the motion for judgment under rule 1017(a) is in itself a pleading, the only reasonable conclusion is that it should be filed only after the case is at issue. See Goodrich-Amram, Commentary, section 1034(a) (3).

---

[2] A default judgment would have been improper in any event. Under rule 1511 the prothonotary is required to enter such a judgment for failure to plead within the required time. Under rule 1017(a) the motion for judgment on the pleadings is a pleading.

Under the realism of present-day pleadings, the courts tend to disregard labels and, therefore, proceed to examine the motions or pleadings to determine their true nature from the connection in which they are used. Thus, in Vaksman v. Zurich General Accident & Liability Insurance Co., 172 Pa. Superior Ct. 588, a pleading styled a "demurrer" was treated as a motion for judgment on the pleadings, and in Commonwealth ex rel. Siani v. City of Wilkes-Barre, 164 Pa. Superior Ct. 529, preliminary objections were considered as a motion for final judgment. In Murrer & Phillips, Inc., v. Brown, 97 Pitts. L. J., 235, where a motion for judgment on the pleadings was erroneously filed to the complaint, the court treated it as a preliminary objection in the nature of a demurrer, as did the court in Schoffstall v. Natalie Amusement Co., 25 Northumb. 153, where plaintiff prematurely moved for judgment on the pleadings. Since a motion for judgment on the pleadings is in effect a demurrer: London v. Kingsley, 368 Pa. 109, 111; and the same principles apply as in preliminary objections in the nature of a demurrer, we conclude therefore that we may properly consider the motion in this case as a preliminary objection in the nature of a demurrer.

Plaintiff contends that since under rule 1030 an affirmative defense such as res judicata must be pleaded in a responsive pleading under the heading new matter, under the state of the pleadings in this case we cannot make a determination of that question. However, rule 1030 is not applicable. It is plaintiff in this case who in his own pleadings has incorporated the record of the case upon which the plea of res judicata rests. As stated by the court in Thal v. Krawitz et al., 361 Pa. 178, at page 180:

"The facts essential to the plea of res judicata therefore appear of record since the plaintiff admits the existence of the matter relied on as showing a prior

adjudication of the issues involved in the pending controversy. The defendant is entitled to a speedy determination of this issue before he is put to a defense on the merits."

Under the prior equity rules it was similarly held that where plaintiff's bill disclosed the record of a prior action, the defense of res judicata could be raised on preliminary objections: Shotkin v. Presbyterian Church Board of Pensions, 343 Pa. 650; Quaker City C. & C. Co. v. Warnock, etc., 347 Pa. 186. We have no difficulty therefore in concluding that the question of res judicata may properly be considered by us.

The rule as to res judicata is set forth in Federal Land Bank v. Putnam et al., 350 Pa. 533, at page 538, as follows:

"In Wallace's Estate, 316 Pa. 148, 174 A. 397, it was said: 'Broadly stated, the rule of res judicata is, that when a court of competent jurisdiction has determined a litigated cause on its merits, the judgment entered, until reversed, is forever and under all circumstances, final and conclusive as between the parties to the suit and their privies, in respect to every fact which might properly be considered in reaching a judicial determination of the controversy, and in respect to all points of law there adjudged, as those points relate directly to the cause of action in litigation and affect the fund or other subject-matter then before the court. As we said in Hochman v. Mortgage Finance Corp., 289 Pa. 260, 263, "The thing which the court will consider is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties actually had an opportunity to appear and assert their rights. If this be the fact, then the matter ought not to be litigated again, nor should the parties, by a shuffling of plaintiffs on the record, or by change in the character of the relief sought, be permitted to nullify the rule." ' "

It is obvious that plaintiff here, by coming into equity, is trying to relitigate again the question of title which was decided in the law action. It is between the same parties; it involves the same property. Since there was a final determination of the controversy, it is now res judicata.

Plaintiff actually is trying to collaterally attack the judgment entered in the law action. This he cannot do for as stated in Commonwealth ex rel. Howard v. Howard, 138 Pa. Superior Ct. 505, at page 507:

". . . As a general rule 'it is the settled law of this State that in the absence of fraud or collusion a judgment or decree of a court of competent jurisdiction, valid and regular on its face, in force and unreversed, cannot be impeached by the parties or privies thereto or by a stranger in a collateral proceeding in the same or another court. It is conclusive not only as to the judgment or decree itself but as to every fact directly or necessarily adjudicated or which was necessarily involved in or was material to the adjudication': Metzger's Est., 242 Pa. 69, . . ."

### Order

And now, August 18, 1955, defendant's motion, considered as a preliminary objection in the nature of a demurrer, is sustained. The complaint is dismissed at the cost of plaintiff.

And now, August 18, 1955, an exception is noted and bill sealed for plaintiff.