## Naumberg v. Home Unity Savings and Loan Association

*Ward F. Clark,* for plaintiff.

*Roland E. Sykes,* for defendant.

MONROE, J., September 5, 1961.—Defendant's preliminary objections to plaintiff's bill of complaint, raising questions of jurisdiction, and in the nature of a demurrer, have brought this case before us.

On June 11, 1960, plaintiff borrowed of defendant $45,000 and $10,000, giving defendant for each of said loans a separate bond with warrant of attorney to

confess judgment, and a separate mortgage to secure repayment thereof in 180 monthly installments. On November 21, 1960, plaintiff being in default of the terms thereof, defendant entered judgment on each of the bonds, including therein each principal debt, interest and attorney's commissions at five percent, the rate stipulated in the instruments. On November 28, 1960, plaintiff tendered payment of delinquent installments of principal and interest, which, on December 7, 1960, defendant refused, demanding payment of the entire unpaid balance of the principal of the loans, with interest due thereon, all judgment and execution costs, including the attorney's commissions, which comprised a part of the gross amounts of each of the judgments. On the same date, defendant issued execution on the judgments and notified plaintiff that sheriff's sales thereon would be held on January 13, 1961. On December 13, 1960, plaintiff sent defendant his check in sufficient amount to cover the monthly installments of principal and interest which would have been payable to that date under the terms of the loans had there been no default, and on December 19, 1960, defendant returned to plaintiff his check accompanying it with the same demand it had made on December 7, 1960, and with a pay-off statement showing the amounts of the attorney's commissions. On December 21, 1960, plaintiff, through his attorney, contacted the attorney for defendant, offering to pay all amounts due but requested that the attorney's commissions be placed in escrow until the parties could negotiate or litigate the reasonableness and amounts thereof. Defendant, through its agent, refused this and renewed its previous demand. On December 22, 1960, plaintiff paid defendant, without prejudice, the full amount of defendant's demand. On January 4, 1961, both judgments and mortgages were satisfied in full. Plaintiff avers that, under all the circumstances, five percent

attorney's commissions on each loan is excessive and unreasonable. He asks this court to hold a hearing and, exercising its equitable powers, to reduce the attorney's commissions to an amount which would be reasonable under the circumstances.

The question before us has been decided against plaintiff by the courts of Union County in Beale v. Green, 16 Pa. C. C. 607 (1895), and of Westmoreland County in McIntyre v. Shaw, 2 Westmoreland 153 (1912), in proceedings to open the judgments (which involve the exercise of equitable power) upon which the executions therein had been issued, and by the Court of Common Pleas of Lancaster County in Commonwealth Building and Loan Association of Lebanon v. Stroh, 12 Dist. R. 509 (1903), in proceedings involving the distribution of the proceeds of execution. For the reasons stated in those decisions, which we will not repeat, we are of the opinion that we must reach the same conclusion. In those cases, the judgment debtors made payment to the sheriff instead of to the judgment creditor. But that does not distinguish them from the one before us, for, as stated in the first two above-cited decisions: "Payment to the sheriff was equivalent to payment to the plaintiff, whose agent he was." See also Schoenfeld v. City of Bradford, 16 Pa. Superior Ct. 165, 170 (1901).

Plaintiff's payment "without prejudice" does not strengthen his position. Those words, ordinarily:

" ' . . . import into any transaction that the parties have agreed that as between themselves the receipt of money by one and its payment by the other shall not of themselves have any legal effect on the rights of the parties, but they shall be open to settlement by legal controversy as if the money had not been paid' ": Media-69th Street Trust Company's Trust Mortgage Pool Case, 344 Pa. 223, 236 (1942).

But obviously, defendant had not so agreed. Its present preliminary objections demonstrate that. The complaint does not allege that it had. The payment was, therefore, a payment under protest. In McIntyre v. Shaw, supra, the payment was made under protest. Although the payment here was made under protest, it was, nevertheless, voluntary. A voluntary payment of money under a claim of right cannot, in general, be recovered back. There must be compulsion, actual, present and potential, in inducing the payment by force of process available for instant seizure of person or property. The element of coercion being essential, mere protest or notice will not change the character of the payment from voluntary to involuntary or confer of itself a right of recovery: Peebles v. The City of Pittsburgh, 101 Pa. 304 (1882) ; Friedline v. Somerset Borough, 114 Pa. Superior Ct. 49 (1934).

Coercion is lacking herein. Plaintiff had full knowledge of the facts from the time he received the pay-off statement on or about December 19, 1960, and, consequently, had ample time, by proper application to the court, with stay of execution, to then raise the question now before us. Appropriate remedies having then been available to him, he should have pursued them. See Davis v. Malone, 250 Pa. 557 (1915) ; Shotkin v. Presbyterian Church Board of Pensions, 343 Pa. 650 (1942) ; Dunn v. Hild, 324 Pa. 530 (1937) ; Graham Roller Bearing Corporation v. Stone, 281 Pa. 229 (1924) ; Anthony v. Central-Penn National Bank of Philadelphia, 9 D. & C. 2d 719 (1956). We recognize the equitable principles enunciated in the decisions cited by plaintiff but, in those cases, the application to the courts to exercise their equitable powers were timely made on the law side of the courts. Here, the judgments have been paid and satisfied. The policy of the law requires that there be an end to litigation. Compare Lance v. Mann, 360 Pa. 26 (1948).

". . . 'where a man demands money of another as a matter of right, and he pays it with a full knowledge of the facts on which the demand is founded, he can never recover back the sum he has so voluntarily paid': Union Ins. Co. v. City of Allegheny, 101 Pa. 250, 255": Randazza v. Alberts, 24 D. & C. 2d 143, affirmed per curiam in 195 Pa. Superior Ct. 213 (1961).

For the foregoing reasons, defendant's preliminary objections in the nature of a demurrer will be sustained. It is, therefore, unnecessary to consider the preliminary objections raising questions of jurisdiction.

### Order

And now, September 5, 1961, defendant's preliminary objections in the nature of a demurrer are hereby sustained and plaintiff's complaint is dismissed at the cost of plaintiff.