## Greenberg v. Aetna Insurance Company

366

*Cooper, Goodman, & Schwartz,* for plaintiff.
*Loyal H. Gregg,* for defendants.

ALPERN, J., July 1, 1966.—A suit in assumpsit was filed by Jack J. Greenberg against Aetna Insurance Company and United States Fidelity and Guaranty Company to recover amounts allegedly due under fire insurance contracts with defendants. In defendants' answers, it was asserted that the fire which occurred at plaintiff's premises was the result of plaintiff's incendiarism. The suit on the insurance policies has not as yet been tried.

Libel actions were filed by Jack J. Greenberg against the same defendants, asserting that, in defendants' answers to the assumpsit action, he was falsely and maliciously charged with the crimes of arson and burning property to defraud an insurance company. Plaintiff averred that he was tried and acquitted of the crimes of arson, felonious burning to defraud an insurance company, and conspiracy to commit arson, in the Quarter Sessions Court of Allegheny County on January 22, 1965, prior to the time defendants filed their answers to the assumpsit suit.

Preliminary objections were filed by defendants to

the libel action on the ground that there was absolute privilege to assert incendiarism as a basis for denying recovery under the fire insurance policies. This absolute privilege in connection with the pleadings is claimed by defendants to constitute a complete defense to the libel action. It was argued, moreover, that an acquittal in a criminal proceeding does not bar the defense of arson in a civil proceeding for recovering the amount due under the fire insurance policies. Plaintiff filed preliminary objections in the form of a motion to strike off defendants' preliminary objections because of lack of conformity to Pennsylvania Rule of Civil Procedure 1045(b) and on the ground that the defense of absolute privilege is improperly raised by preliminary objections.

Defendants maintain plaintiff has failed to state a cause of action and that the libel suit should be dismissed. Plaintiff urges that the affirmative defense of privilege cannot be raised on preliminary objections, but must be raised in an answer. The matter was heard by Alpern, J., then presiding in the assignment room. Briefs were filed by both sides.

Pennsylvania has uniformly held that matters asserted in the pleadings which are relevant and pertinent do not constitute a basis for an action of libel. The leading case is Kemper v. Fort, 219 Pa. 85 (1907), which sets forth the rule on liability at pages 93 and 94:

"We are inclined to the view that, for false and malicious defamatory allegations appearing in pleadings filed in a court having jurisdiction of what is set forth in them, there is absolute immunity from a suit for libel at the instance of the defamed party only when the defamatory words are relevant and pertinent to the matter or matters to be inquired into by the court; . . . for the authorities, though differing as to when immunity is absolute, are uniform that when alleged libel-

ous matter in pleadings is relevant and pertinent, there is no liability for uttering it. Public policy requires this, even if at times the privilege of immunity for false and malicious averments in pleadings is abused. Justice can be administered only when parties are permitted to plead freely in the courts and to aver whatever ought to be known without fear of consequences, if a material and pertinent averment should not be sustained. . . .

"Where the question of the relevancy and pertinency of matters alleged in pleadings is to be inquired into, all doubt should be resolved in favor of relevancy and pertinency".

This doctrine was recently followed and affirmed in Wach v. Ross, 111 Pitts. L.J. 91 (1962), and in Wachs v. Ramp Consulting Services, Inc., 28 D. & C. 2d 201 (C. P. Montgomery Co., 1961).

There can be no doubt that a claim of arson, conspiracy to commit arson, and burning to defraud an insurer is relevant to the issue of liability on a fire insurance policy. Furthermore, any doubt, if any existed, would have to be resolved in favor of finding relevancy: Kemper v. Fort, supra.

Applying the principles set forth in Kemper to the case at bar, the law is clear that where the pleadings are relevant and pertinent, there is absolute immunity.

Plaintiff points to his acquittal previous to the filing of the allegedly libelous answer as the basis for a claim that defendants' privilege has been abused and, therefore, lost. He relies upon a statement in the concurring opinion of Mr. Justice Bell in Biggans v. Foglietta, 403 Pa. 510 (1961). Read as a whole, this concurring opinion does not alter the long-standing rule that absolute privilege is not susceptible to loss by reason of its abuse.

Even if the immunity of absolute privilege were subject to loss for abuse, such abuse could not be shown by a claim that defendants' pleadings were expressly ma-

licious because they were filed subsequent to plaintiff's acquittal of criminal charges for the crime of arson. Proof of an acquittal is not admissible in a civil action arising out of the same facts as evidence that defendant did not do the act complained of. An acquittal is only a negative statement that the proof necessary for conviction was not forthcoming. There is a substantial difference in the quantum of proof required in civil and criminal proceedings: Pennsylvania Turnpike Commission v. United States Fidelity and Guaranty Company, 412 Pa. 222 (1963). Cases cited by plaintiff for admission of the acquittal are inapposite, as they all involved convictions in the previous criminal proceedings.

Plaintiff relies strongly on the cases of White v. Nicholls, 44 U. S. 301 (1845), and Nalle v. Oyster, 230 U. S. 165 (1913), for the proposition that absolute privilege may be defeated by proof of express malice and that express malice may be deemed admitted by a demurrer. Significantly, the court was not construing the law of libel generally, but only that concept of absolute privilege contained in the law of Maryland. Therefore, the Pennsylvania concept, that there is no civil liability for defamatory pleadings if they are pertinent and relevant, is not altered.

The last question to be determined is whether the defense of absolute privilege can be raised by preliminary objections in the nature of a demurrer or whether it has to be asserted by way of answer.

Rule 1045(b) of the Pennsylvania Rules of Civil Procedure specifies that "All affirmative defenses, including . . . privilege . . . shall be pleaded under the heading 'New Matter' ". The purpose of this rule is the avoidance of surprise at the trial: 2A Anderson Pa. Civ. Prac. §1045.9 (1960). There is no appellate authority as to whether the pleading requirement of rule 1045 is mandatory in every case. Various common pleas

courts are in disagreement. Plaintiff, in his complaint, has averred that the alleged defamation was contained in a responsive pleading filed in an assumpsit action. Since the affirmative defense of absolute privilege thus appears in the complaint itself in the case at bar, plaintiff cannot complain that the defense is improperly raised by a demurrer. See Bixler v. Adair, 22 D. & C. 2d 732 (C.P. Lancaster 1960) ; Kiely v. J. A. Cunningham Equipment, Inc., 387 Pa. 598 (1957). In these cases, as in the present case, the complaint contained all requisite facts, obviating the need for the filing of an answer. See Montgomery v. Philadelphia, 392 Pa. 178 (1958).

The Act of August 21, 1953, P. L. 1291, sec. 1, 12 PS §1584a (2), requires a defendant claiming the defense of privilege to prove ". . . the privileged character of the occasion on which it was published". We think that such proof has been produced by defendants in drawing the court's attention to plaintiff's averment that the alleged defamation was contained in a responsive pleading in an assumpsit action grounded on fire insurance policies. The filing of a pleading in a judicial proceeding is unquestionably a publication on an occasion of absolutely privileged character in Pennsylvania: Kemper v. Fort, supra.

The Act of 1953, cited by plaintiff as a bar to our disposition of the defense of absolute privilege on preliminary objection, is a verbatim enactment of Restatement, Torts §613. This section was urged in appellant's brief in Montgomery v. Philadelphia, supra. In that case, the court affirmed the judgment of the lower court sustaining defendants' preliminary objection in the nature of a demurrer.

We cannot believe that any penalty should attach to the pleading of a relevant defense recognized by the law. Applying the above principles to the instant case, we conclude that plaintiff has pleaded a fatally defec-

tive cause of action. Therefore, defendants' preliminary objections in the nature of a demurrer will be sustained and plaintiff's preliminary objections to defendants' preliminary objections will be overruled and the action dismissed.

### ORDER OF COURT

And now, July 1, 1966, it is ordered and decreed that the preliminary objections ex parte defendant, Aetna Insurance Company, are sustained, and it is further ordered and decreed that plaintiff's preliminary objections to defendant's preliminary objections are overruled, and the complaint is dismissed.